In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 21-2783

IN RE:

RYAN L. LANEY,

*Debtor-Appellant*.

———————

Appeal from the United States District Court for the
Southern District of Illinois.
No. 20-cv-01312-DWD — **David W. Dugan**, *Judge*.

———————

ARGUED FEBRUARY 24, 2022 — DECIDED AUGUST 18, 2022

———————

Before ROVNER, KIRSCH and JACKSON-AKIWUMI, *Circuit Judges*.

JACKSON-AKIWUMI, *Circuit Judge*. Over debtor Ryan Laney's objection, the bankruptcy court allowed creditor Second Chance Auto, Inc., to file an amended proof of claim to include attorney's fees after the court confirmed the bankruptcy plan. The district court affirmed the bankruptcy court's decision. Laney appeals. Because the bankruptcy court provided compelling reasons for allowing the post-confirmation amendment, and the attorney's fees were reasonable and necessary, we affirm.

**I**

In June 2019, Laney and Second Chance entered into a Retail Installment Contract and Security Agreement (the "contract") under which Laney financed a 2007 Ford Edge from Second Chance. Under the contract, Laney agreed to pay the principal and finance charges for the vehicle, plus Second Chance's attorney's fees to collect amounts owed under the contract in the event of default. Four months after purchasing the Edge, Laney filed a Chapter 13 bankruptcy petition.

Between November 2019 and March 2020, the parties submitted various filings to address how the bankruptcy plan should treat Second Chance's claim for the Edge in the proceedings. Among the filings, Second Chance filed its initial proof of claim for the Edge and labeled the claim as "Claim 3," Laney filed his original plan, and Second Chance filed an objection to Laney's treatment of the Edge under the original plan. After holding a hearing, the bankruptcy court ordered Laney to amend the original plan within seven days to account for the Edge as a "910 claim" to be paid in full.[1] Laney amended the plan but failed to provide for full payment for the Edge. Second Chance again objected to the plan based on the Edge's treatment, and also requested attorney's fees for filing the same objection twice.

The bankruptcy court held another hearing and again ordered Laney to amend the plan, this time within three days, to provide for full payment for the Edge. The court also granted Second Chance's request to file an affidavit of

---

[1] A "910 claim" applies to debt for personal vehicles purchased less than 910 days before the filed bankruptcy petition. This type of claim must be paid in full. *See* 11 U.S.C. § 1325(a).

attorney's fees. Before complying with the court's order, Laney filed a motion for clarification. Then, Laney filed his second amended plan, which accounted for the full outstanding principal and interest for Second Chance's Edge claim. The second amended plan did not account for Second Chance's attorney's fees.

Meanwhile, Second Chance submitted an affidavit for attorney's fees for time spent responding to various filings after the first hearing in which Laney was ordered to amend the plan to account for full payment of the Edge, up until Laney's compliance with the court's initial order. Second Chance also filed a response to Laney's motion for clarification. Laney objected to Second Chance's request for attorney's fees, and withdrew his motion for clarification.

In March 2020, the bankruptcy court confirmed the plan. The confirmed plan listed Second Chance's claim for the Edge as a claim that would be paid in full with interest and included an "estimated claim" amount.

Between March and July 2020, the court held at least two hearings on Second Chance's request for attorney's fees. After the hearings, it approved Second Chance's fee affidavit and ordered Second Chance to amend Claim 3, the Edge claim, to add its attorney's fees. Second Chance subsequently amended Claim 3 to include its attorney's fees, but labeled the amended claim as "Claim 9," which led Laney to file additional objections. Laney objected to Claim 9 as untimely, but the bankruptcy court overruled Laney's objection, concluding that Claim 9 would be treated as an amendment to Claim 3. Laney again objected to Claim 9, arguing that the claim violated 11

U.S.C. § 1327(a)[2] and that the majority of the attorney's fees in Claim 9 were unnecessary. The bankruptcy court rejected Laney's arguments and overruled the objection, making two basic rulings.

First, citing *Holstein v. Brill*, 987 F.2d 1268 (7th Cir. 1993), the court concluded that there were "several compelling reasons" for allowing Second Chance's post-confirmation amendment to include attorney's fees. The court reasoned that: (1) the parties agreed to attorney's fees in their contract; (2) the confirmed plan stated that the Edge claim would be paid in full; (3) Laney's counsel knew about the fees before the bankruptcy court confirmed the plan and because the court held several hearings about the fees; and (4) Second Chance's counsel had a duty to respond to all of the pleadings Laney's counsel filed.

Second, the court concluded that the fees were necessary and reasonable. The court explained that the fees were necessary for Second Chance's counsel to respond to Laney's various pleadings and the fees were reasonable based on the time entries with minimal time billed for very detailed briefs.

Laney appealed to the district court, and the district court affirmed the bankruptcy court's decision. Laney appealed the district court's decision.

---

[2] Section 1327(a) states that the "provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

## II

Laney argues that the bankruptcy court erred by permitting Second Chance to amend its proof of claim to include attorney's fees because: (1) Second Chance filed the amendment after the plan was confirmed; and (2) Second Chance's attorney's fees were unnecessary. We address each argument in turn, giving deference to the bankruptcy court. *Holstein*, 987 F.2d at 1270.

First, Laney argues that the bankruptcy court erred because Second Chance's post-confirmation amendment was barred by 11 U.S.C. § 1327(a). We disagree. Although confirmed plans are generally binding on debtors and creditors under § 1327(a), compelling circumstances may warrant post-confirmation claim amendments. *See Holstein*, 987 F.2d 1270.

In *Holstein*, we explained that the relation back principle of Rule 15(c) of the Federal Rules of Civil Procedure applies to amended claims and "[l]eave to amend should be freely granted early in a case." 987 F.2d at 1270. We acknowledged that passing litigation milestones like the confirmation date make amendments less appropriate, and further plan changes "should be allowed only for compelling reasons." *Id.* (citing *In re Chappell*, 984 F.2d 775, 782 (7th Cir. 1993)). Because neither the bankruptcy court nor the creditor in that case provided a compelling reason for allowing the plan amendment four years after the plan was confirmed, we rejected the creditor's attempt to amend his claim.

Here, unlike in *Holstein*, the bankruptcy court provided compelling reasons for allowing the post-confirmation amendment, including that the parties' contract called for attorney's fees, Laney's counsel knew about the fees before the

plan was confirmed, and the attorney's fees accumulated be-
cause Second Chance's counsel had a duty to respond to all
the pleadings Laney's counsel filed. The bankruptcy court's
reasoning here is sufficient where Second Chance filed its
amended claim merely months after the bankruptcy court
confirmed the plan and soon after hearings about the fees.

Laney's other argument about § 1327(a) is unpersuasive.
He argues that *Holstein* is distinguishable because it was a
Chapter 11 case, not a Chapter 13 case as this case is, and pos-
its instead that *Chappell*, a Chapter 13 case, controls the out-
come here. But in *Holstein* we actually relied on *Chappell* for
the proposition that changes to the plan after confirmation
"should be allowed only for compelling reasons." 987 F.2d at
1272 (citing *Chappell*, 984 F.2d at 782). Furthermore, *Chappell*
does not compel a different conclusion. There, we rejected a
creditor's post-confirmation amendment based on § 1327(a)
because the claims under the confirmed plan had been paid
in full, the bankruptcy case had closed, and the creditor had
several opportunities during the life of the plan to amend the
claim but failed to do so. *Chappell*, 984 F.2d 775. No compel-
ling circumstances existed that warranted an exception to
§1327(a)'s general rule. Here, Second Chance brought the is-
sue of attorney's fees to the bankruptcy court and Laney's at-
tention on more than one occasion before the plan was con-
firmed, and the bankruptcy court held several hearings re-
lated to the fees, which culminated in the amended claim. But,
more importantly, as the bankruptcy court found, compelling
circumstances existed to permit the amendment.

Second, Laney argues that the bankruptcy court erred by
permitting Second Chance's attorney's fees because the work
was unnecessary or erroneous. He asserts, for example, that

"Second Chance's entry for February 28, 2020, . . . claims that its Attorney conducted extensive research [], but Second Chance's Response only cites to one case" and that case did not support its position. We have reviewed Second Chance's entries and we conclude that the bankruptcy court's finding that the fees were reasonable and necessary was sound: Second Chance's attorney's fees were necessary to respond to Laney's various pleadings and the fees were reasonable based on the time entries with minimal time billed for the work completed.

### III

For the reasons stated above, we AFFIRM the judgment of the district court.